## DUFFY vs. BYRNE.

APPEAL FROM THE COURT OF THE FIRST JUDICIAL DISTRICT.

Where the plaintiff failed to prove that he done certain work for the defendant agreeably to a specific agreement as alleged; and also failed to show that his work was beneficial to the latter, he cannot recover, either on his contract or a *quantum meruit*, but will be non-suited.

This is an action to recover from the defendant the sum of nine hundred and eighty-nine dollars and sixty-five cents, for work and labor done in the month of December, 1834, by ditching in front of the property of the latter in the city of Lafayette, &c. The plaintiff alleges he done this work at the special instance and request of the defendant, which will more fully appear by an account annexed.

There was a general denial pleaded. The evidence is correctly noted and stated in the opinion of the court. The district judge was of opinion, the evidence showed that the

plaintiff was entitled to four hundred and ninety-four dollars and eighty-two cents. Judgment was rendered accordingly. The defendant appealed.

*M'Kinney*, for the plaintiff.

*Peirce*, contra.

*Bullard J.*, delivered the opinion of the court.

This is an action to recover the value of labor done in ditching round certain lots of the defendant, at his special instance and request. The defendant pleaded the general denial. The plaintiff recovered about half the sum demanded by him, and the defendant appealed.

The only contract proved, was that the plaintiff might do such ditching round the lots as might be ordered by the police jury of the parish of Jefferson, and he was instructed to apply to Mr. Charbonnet for instructions. After the ditching was done, the defendant told the plaintiff that if he would procure a certificate from Mr. Charbonnet, that the work was done in conformity to the orders of the police jury of Jefferson, he would pay it. No such police regulation is shown, nor does it appear that Charbonnet gave to the plaintiff any instructions. The plaintiff has, therefore, failed to show any private contract which entitles him to recover. Nor is it shown that the work done has benefited the defendant. On the contrary, it would appear from the testimony of the witnesses, that the ditches are not deep enough to drain the lots, and are neither required by any police regulation nor of any utility to the owner. Some of the witnesses even tell us that it would cost more to drain the lots now, than if no ditches had been dug, as they are filled with water.

*Where the plaintiff failed to prove that he done certain work for the defendant, agreeably to a specific agreement, as alleged, and also failed to show that his work was beneficial to the latter, he cannot recover, either on his contract or on a quantum meruit, but will be non-suited.*

It is, therefore, ordered, adjudged and decreed, that the judgment of the District Court be reversed and annulled, and that there be judgment in favor of the defendant, as in the case of a non-suit, with costs in both courts.